IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

| | |
|---|---|
| **TENNESSEE FARMERS MUTUAL INSURANCE COMPANY,** | The Honorable Joseph H. Walker, Judge |
| Plaintiff, | ***AFFIRMED AND REMANDED*** Tipton Circuit 3828 |
| Vs. | C.A. No. 02A01-9702-CV-00037 |
| **THOMAS EDWARD TIPTON,** | J. Thomas Caldwell of Ripley For Defendant-Appellant |
| Defendant. | Andrew H. Owens of Memphis For Plaintiff-Appellee |

_____

MEMORANDUM OPINION[1]
_____

FILED

September 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

*CRAWFORD, J.*

This is an insurance subrogation case involving the arson of an insured automobile. Defendant-appellant Thomas Tipton appeals the judgment of the trial court finding him responsible for the arson of the automobile and liable to Tennessee Farmers Mutual Insurance Company (Tennessee Farmers) for damages.

On March 17, 1990, the automobile belonging to Tipton's ex-wife was stolen and later found destroyed by fire. The automobile had been awarded to Tipton's ex-wife in proceedings incident to their divorce, with Tipton responsible for making the payments on the note and maintaining insurance on the vehicle. After paying the lienholder, Nissan Motor Acceptance Corporation, the balance due on the note, Tennessee Farmers, the insurer of the vehicle, filed suit against Tipton alleging that he committed arson by intentionally burning the vehicle.

After a nonjury trial on November 6, 1996, the trial court entered judgment on November 13, 1997, for plaintiff, Tennessee Farmers, in the sum of $6,076.00. Defendant has appealed, and the sole issue for review is whether the evidence preponderates against the

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

findings of the trial court that established liability on the part of defendant.

The trial court's findings set out in the judgment are as follows:

Thomas Edward Tipton and Anita Tipton were divorced January, 1989, at which time she received the 1988 Nissan Sentra automobile, with Thomas Edward Tipton being solely responsible for the indebtedness owing thereon as well as the insurance on the automobile.

The title remained in the name of Thomas Edward Tipton, and was held by Nissan Motor Acceptance Corporation.

On March 17, 1990, the vehicle was destroyed by fire.

The insurance company paid Nissan Motor Acceptance Corporation, and subrogated to their rights to recover. The insurance company also paid for a rental, and it was stipulated that if the insurance company is entitled to recover in this cause they should recover $6,076.00.

The proof established that Anita Tipton went to a club in rural Tipton county in the vehicle on the evening in question, that she parked the vehicle outside, and that it disappeared from the parking lot. Anita Tipton had a key to the vehicle, as did Thomas Tipton. Thomas Tipton was in the club that evening, but left and went home, earlier than Anita. Mr. Tipton admitted he knew that the vehicle was on the lot at the club that night. Anita Tipton, when she could not find the vehicle in the parking went to the home of Thomas Tipton and inquired where the vehicle was. Mr. Tipton indicated he did not know, but went with her back to the area looking for the vehicle. They found the vehicle several hundred yards from the club, and it had been set on fire by accelerant.

\*          \*          \*

Plaintiff established by a preponderance of the evidence that the fire was incendiary in origin. The proof was that the fire had been set by an accelerant inside the vehicle.

Plaintiff established that the defendant had an opportunity to set the fire. He was at the club in the early morning hours where the car was parked on the lot. He had a key to the vehicle. The vehicle was driven a couple hundred yards from the club and set on fire.

Plaintiff has established by a preponderance of the evidence that the defendant had a motive to set the fire. The defendant was not in good financial condition. The vehicle was being driven by defendant's ex-wife, with defendant "being solely responsible for the indebtedness owing thereon as well as the insurance on the automobile." When the car burned, the insurance paid the debt, and the defendant no longer was responsible for the debt or insurance payments. The car was not the subject of permanent theft by someone who wanted the car to use. It had been moved only a short distance and

2

torched. The motive for the fire could be personal against the driver, but the only evidence presented in that regard was the defendant as the ex-spouse was at a rural night club in the early morning hours at the same time as his ex-wife. The defendant also had a financial motive.

The court finds that the plaintiff has carried the burden of proof by a preponderance of the evidence.

\*                    \*                    \*

This Court has held that to successfully prove an allegation of arson, "an insurance company must show by a preponderance of the evidence (1) that the loss was due to a fire of incendiary origin, (2) that the insured had an opportunity to set the fire, and (3) that he had a motive to do so." *Alexander v. Tennessee Farmers Mut. Ins. Co.*, 905 S.W.2d 177, 179 (Tenn. App. 1995) (citing *McReynolds v. Cherokee Ins. Co.*, 815 S.W.2d 208, 211 (Tenn. App. 1991)). Mr. Tipton does not dispute that the fire was intentionally set, but argues that Tennessee Farmers has not sufficiently shown that he had the motive and opportunity to commit the arson.

In a civil case, proof of arson may be made by circumstantial evidence. "The rule as to admissibility of circumstantial evidence is liberal in such a case." *McReynolds v. Cherokee Ins. Co.*, 815 S.W.2d 208, 211 (Tenn. App. 1991). This court has relied on the following discussion of circumstantial evidence in other arson cases:

When a party in a civil case relies upon circumstantial evidence to make out his case, the facts and circumstances shown by the evidence and relied on to sustain his theory must not only be consistent with that theory, but must also be inconsistent with any other reasonable theory. However, they need not be so certain as to exclude all other rational theories. A preponderance of such circumstantial evidence is all that is required in a civil case. And in civil cases a preponderance of evidence carries the burden of proof regardless of whether the evidence is direct or circumstantial. A well-connected train of circumstances may outweigh opposing direct testimony. However, in a civil action, circumstantial evidence which is conflicting is for the trier of facts, governed by the usual rules.

*McConkey v. Continental Ins. Co.*, 713 S.W.2d 901, 904 (Tenn. App. 1984) (citations and internal quotations omitted).

Since this case was tried by the trial court without a jury, we review the findings of fact of the trial court *de novo* upon the record, with a presumption of correctness. Unless the

evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

The trial judge as the trier of fact had the opportunity to observe the manner and demeanor of the witnesses and the weight, faith and credit accorded their testimony by the trial court is entitled to great weight in this Court. *Mays v. Brighton Bank,* 832 S.W.2d 347 (Tenn. App. 1992); *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn. App. 1982).

Tipton contends that the evidence preponderates against the findings of the trial court. He asserts that Tennessee Farmers did not prove that he committed arson because it failed to prove two of the three necessary elements. Tipton concedes that the car was burned intentionally, but takes issue with the trial court's findings that he had the motive and opportunity to commit arson. He argues that he had nothing to gain by committing arson because he must still provide his ex-wife with an automobile. He also argues that he was not having any financial troubles. Finally, he asserts that there is no proof that he was ever near the automobile during the time in question.

As to the existence of a motive, Tennessee Farmers counters that the divorce decree speaks only about the specific Nissan in question and that there is no proof that Tipton must provide his ex-wife with another automobile. Tennessee Farmers asserts that there is evidence that Tipton was not in good financial condition, including that he had been late on child support payments and property taxes. Further, the fact that his ex-wife was found guilty of cruel and inhuman treatment in their divorce action could imply that there are bad feelings between them. As to the existence of opportunity, Tennessee Farmers points out that Tipton had a set of keys to the car and had "run into" his ex-wife at three different nightclubs on the night of the fire, including the club from which the automobile was stolen. Finally, Tennessee Farmers contends that Tipton was not a credible witness and that there is support for the trial court's decision.

Upon review of the proof in the record and according due deference to the trial court's determination of credibility of the witnesses, we find that the evidence does not preponderate against the findings of the trial court.

The judgment of the trial court is affirmed, and the case is remanded to the trial court

4

for such further proceedings as necessary.  Costs of the appeal are

assessed against the appellant.

                                          _____

                                          **W. FRANK CRAWFORD,**
                                          **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**